IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DEREK L. BILLUPS,                      )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )   Case No. 11-04250-FJG
                                       )
NATHAN TURNER, *et. al.*,              )
                                       )
       Defendants.                     )
                                       )

## ORDER

Currently pending before the Court is Defendants Nathan Turner, Lori Simpson, and City of Columbia's Motion for Partial Summary Judgment (Doc. No. 28).

### I.    Background[1]

On December 12, 2009, Plaintiff Derek Billups was working as a bartender at a nightclub in Columbia, Missouri called Nephew's. Billups' supervisor was Lawrence Marks. That evening at the bar, Billups exchanged cross words with a young woman with whom he once dated. Billups turned his back. A drink was thrown toward his head. Mr. Marks came over, asked Billups what was going on, and the two proceeded to go outside in front of the building. Marks and Billups began arguing. Billups grabbed a plastic water bottle and threw it in Marks' direction, apparently not to hit Marks, but rather to elicit a response. Marks told Billups to leave the premises and called the police. Billups then got into a car with a man by the name of Johnny Nelson who told Billups that he would take Billups home. Nelson started the vehicle and after putting the

---

[1] In accordance with Local Rule 56.1(a), "all facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 n.6 (8th Cir. 1996).

vehicle in reverse, Billups told Nelson that he was going to stay at Nephews until the police arrived. Billups decided that he did not want to leave because he preferred for the police to arrest him, if at all, at Nephews and not at his home or other place of employment. Billups, in the meantime, started talking with Nelson and another gentleman about football. (Doc. No. 29).

Officer Nathan Turner was dispatched to a disturbance call and while in route he received a description of the individual involved. The dispatched call indicated that the disturbance had escalated from a verbal disturbance to a physical disturbance. Upon arriving at the scene, Officer Turner was met by an individual who indicated to Turner that Billups was the individual involved in the disturbance. (Doc. No. 29).

Accordingly, Officer Turner approached Billups from behind, grabbed Billups' left arm, swung Billups, and told Billups to put his hands behind his back. Turner then held Billups down on the pavement and put a knee in Billups' back. Turner handcuffed Billups and picked Billups off of the ground.[2] A female officer, Lori Simpson, approached and asked Turner what was going on. Turner told Simpson that Billups was resisting arrest. Billups did not see the female officer until he was on the ground and Turner was handcuffing him. (Doc. No. 29).

On September 26, 2013, Billups filed the above-styled action under 42 U.S.C. § 1983 seeking judgment and damages against Defendant Turner, Defendant Simpson, and the City of Columbia, Missouri for the injuries he sustained as a result of the above incident. The Complaint states claims for the following: Count I – Unreasonable Seizure by Use of Excessive Force by Officer Turner in Violation of the Fourth and

---

[2] Plaintiff states Officer Turner slung Billups around and slammed him face first into a van (Doc. No. 45). Billups bounced off the van and Defendant Turner slammed Billups to the ground (Doc. No. 45).

2

Fourteenth Amendments;  Count II – Unreasonable Seizure by Detention by Officer Simpson in Violation of the Fourth and Fourteenth Amendment; Count III – Liability of City of Columbia, Missouri for Failure to Screen, Train, Supervise, Discipline and/or Control; Count IV – Liability of City of Columbia, Missouri for Wrongful Retention of Officers Turner and Simpson; Count V – Liability of City of Columbia, Missouri for Negligent Retention of Officers Turner and Simpson; Count VI – False Arrest and False Imprisonment against Defendants; Count VII – Intentional Infliction of Emotional Distress against Defendants Turner and Simpson; and Count VIII – Assault and Battery against Defendant Turner.  (Doc. No. 1).

On October 30, 2012, Defendants filed the present Motion for Partial Summary Judgment (Doc. No. 28 & 29).  On January 14, 2013, Plaintiff filed its opposition (Doc. No. 45).  On January 25, 2013, Defendant filed reply suggestions (Doc. No. 51).

**II.    Standard of Review**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The facts and inferences are viewed in the light most favorable to the nonmoving party.  Fed.R.Civ.P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590.  The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleading but by affidavit or other evidence must set forth facts

showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997).  To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved.  Lower Brule, 104 F.3d at 1021.  Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment.  Id.  Rather, "the disputes must be outcome determinative under the prevailing law." Id.

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts."  Matsushita, 475 U.S. at 586.  Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure:  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Celotex, 477 U.S. at 327.

### III.     Discussion

Defendants seek summary judgment on Count II, Count III, Count IV, Count V, Count VI, and Count VII (Doc. No. 28, 29 & 51).  Defendants assert that to the extent an unlawful detention claim is asserted in Count I, summary judgment should also be granted in their favor (Doc. No. 28, 29 & 51).  Plaintiff does not contest any of the grounds for Defendants' Motion for Partial Summary Judgment in fact or in law (Doc. No. 45).  Plaintiff's opposition merely sets out material issues or disputes of fact in support of Count VIII and its excessive force claim contained in Count I (Doc. No. 45).  Plaintiff requests that this Court set Count I and Count VIII for trial (Doc. No. 45).

4

Accordingly, for the reasons set forth in Defendant's Motion for Summary Judgment and Reply Suggestions, the Court **GRANTS** summary judgment in favor of Defendants on Count II, Count III, Count IV, Count V, Count VI, and Count VII. To the extent any unlawful detention claim is contained in Count I, summary judgment is also **GRANTED** in Defendants' favor.

## IV. Conclusion

Defendants' Motion for Summary Judgment (Doc. No. 28 & 29) is hereby **GRANTED** leaving Count VIII and the excessive force claim contained in Count I set for trial.

**IT IS SO ORDERED.**


Date: <u>February 19, 2013</u>             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                              Chief United States District Judge