**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

DEREK L. BILLUPS,                          )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Case No. 11-04250-FJG
                                           )
NATHAN TURNER, *et. al.*,                  )
                                           )
                Defendants.                )
                                           )

## ORDER

### Defendant's Motions in Limine

Defendant requests that the following evidence be excluded from trial:

**A) Evidence from Plaintiff's Expert Witness.**

Defendant seeks to exclude evidence from Plaintiff's expert witness. This Court's Second Amended Scheduling and Trial Order required Plaintiff to submit all expert witness affidavits no later than July 23, 2012. On September 24, 2012, Plaintiff's counsel sent an email to Defendant's counsel with a report written by Timothy Farley, M.D. who had conducted an examination of Plaintiff. It consists of two pages in which Dr. Farley concludes that the "patient describes an appropriate injury that can lead to shoulder pathology. His described mechanism of injury is consistent with secondary pain complaints." Defendants argue this disclosure was late and the failure to file an expert witness affidavit constitutes prejudice to Defendants. Further, the inadequate report was not even served upon Defendant's counsel until after the date for filing a motion to challenge a disclosed expert had passed. Based upon the foregoing, this Court should enter an order in limine excluding any evidence from Dr. Farley. (Doc. No. 53 & 54).

Plaintiff states the Court should deny Defendant's request because Defendant was not prejudiced by this disclosure and because Dr. Farley is a fact witness, not an expert witness. Defendants knew about Dr. Farley 129 days before they sought to exclude him as a witness because Plaintiff disclosed

this information more than a week before the close of discovery. Defendants were derelict in seeking any relief from Plaintiff's disclosure and thus, any alleged harm they have suffered is self-inflicted. Further, Dr. Farley will not offer "testimony unrelated to the actual care and treatment administered, testimony regarding the patient's previous care unrelated to the treatment at issue". As such, he is a fact witness, not an expert witness. Finally, Plaintiff states Defendants should have recognized that they may need an expert to counter Plaintiff's evidence regarding the injury suffered, the causation, prognosis and treatment needs because treating physicians are permitted to testify as fact witnesses. (Doc. No. 61).

**Ruling:** This Motion is **GRANTED**.

**B) Evidence of Plaintiff's Diagnosis and Anthroscopy**

Defendants seek to exclude evidence Plaintiff was diagnosed with a partial tear of his left rotator cuff and thereafter underwent left shoulder arthroscopy to repair the tear. An MRI scan taken on May 20, 2011 showed evidence that Turner had a torn left rotator cuff. When an injury requires surgical intervention or other highly scientific technique of diagnosis, it is considered a sophisticated injury. Turner v. Iowa Fire Equipment Co., 229 F.3d 1202, 1210 (8th Cir. 2000). Sophisticated injuries require expert testimony to establish the cause of that injury. Id. Since Plaintiff failed to identify a medical expert witness within the time required and in the manner required under the Court's Scheduling Order, Plaintiff cannot present expert testimony to establish a causal connection between the actions of Defendant Turner on December 12, 2009 and the torn rotator cuff indicated by the MRI scan performed on May 20, 2011. Moreover, even if Plaintiff had timely identified an expert witness and had failed the required affidavit from the expert witness, the opinions provided in Dr. Farley's report fail to establish a causal connection to a reasonable degree of medical certainty between the alleged acts of Defendant Turner and the torn rotator cuff. Accordingly, because there is no expert medical testimony, this Court should exclude evidence of Plaintiff's torn rotator cuff and treatment thereof. (Doc. No. 53 & 54).

Plaintiff reiterates its opposition from the above. (Doc. No. 61).

**Ruling:** This Motion is **GRANTED**.

2

**C) Evidence that the Alleged Actions of Turner were Motivated by Plaintiff's Race**

Defendant seeks to exclude evidence that the alleged actions of Turner were motivated by Plaintiff's race. During a prior statement provided by one of Plaintiff's witnesses, the witness made statements to the effect that he believed that Defendant Turner's alleged actions were motivated by Plaintiff's race. There is no allegation in Plaintiff's complaint the Defendant Turner's actions were motivated by a racially biased animus. Accordingly, such evidence is irrelevant and therefore inadmissible and should be excluded. (Doc. No. 53 & 54).

Plaintiff does not offer opposition. (Doc. No. 61).

**Ruling:** This Motion is **GRANTED**.

**D) Evidence of the City of Columbia's Citizen's Police Review Board's Conclusions and Decision Regarding the Actions of Defendant Turner**

Defendant seeks to exclude evidence of the City of Columbia's Citizen's Police Review Board's conclusions and decision regarding the actions of Defendant Turner. The decision by the Review Board came long after the incident of December 12, 2009, giving rise to Plaintiff's action. Therefore, such evidence could not be admissible regarding the issue of whether the force Defendant Turner used was reasonable under the circumstances and should be excluded. (Doc. No. 53 & 54).

Plaintiff does not offer opposition. (Doc. No. 61).

**Ruling:** This Motion is **GRANTED**.

**IT IS SO ORDERED.**


Date: <u>February 26, 2013</u>                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge

3